THE FLOWER HILL CEMETERY COMPANY v. THE TOWN-SHIP OF NORTH BERGEN ET AL.

Argued June 9, 1902—Decided November 10, 1902.

The owner of property, which was subject to the taxing power of the legislature when the supplement to the Tax act, approved April 11th, 1866 (*Gen. Stat., p.* 3292), was passed, and which was embraced within the general terms of that statute making all real and personal estate in the state liable to taxation, and which is exempt from taxation only because of some express enactment, is not entitled to such exemption unless he complies with the supplement to the Tax act, approved February 23d, 1885. *Gen. Stat., p.* 3310.

On *certiorari* in matter of taxation.

Before Justices DIXON, HENDRICKSON and PITNEY.

For the prosecutor, *Abel I. Smith.*

For the defendants, *J. Emil Walscheid.*

The opinion of the court was delivered by

DIXON, J.   The prosecutor in this case claims that its land is exempt from taxation by force of its charter (*Pamph. L.* 1859, *p.* 285), by force of section 8 of the Cemetery act of April 9th, 1875 (*Gen. Stat., p.* 349), and by force of the fifth section of the supplement to the Tax act, approved April 11th, 1866 (*Pamph. L., p.* 1078), which on this point remains unchanged. *Gen. Stat., p.* 3320. It therefore seeks to set aside the taxes levied on its land in the township of North Bergen for the years 1900 and 1901.

Without deciding how far this claim might be supported under different conditions, we think it cannot be maintained

as to the present taxes, because the prosecutor did not furnish to the assessors any statement or list of the property thus claimed to be exempt from taxation, as required by the supplement to the Tax act, approved February 23d, 1885. *Gen. Stat., p.* 3310.

To meet this difficulty the prosecutor contends that its chartered exemption is a contract, which therefore could not be impaired by subsequent legislation. But claims of this sort have been so often refuted in our courts, that no further notice of it is deemed useful.

Another contention to the same end, and one deserving discussion, is that the views set forth in *New Jersey Zinc Co.* v. *Hancock,* 34 *Vroom* 506, and *Howard Savings Institution* v. *Newark, Id.* 547, indicate that compliance with the act of 1885 is not necessary. But examination of those cases will disclose essential differences between them and this.

In the Zinc Company case the tax complained of was a franchise tax, imposed under a distinct statute, and authorized to be levied upon only certain classes of corporations to which the zinc company did not belong. By the very terms of the statute it was declared that the act should not apply to such companies as the then prosecutor. No exemption therefore was necessary. In the Savings Institution case, the property on which the tax was levied consisted of United States securities, which were not within the taxing power of our legislature except as such taxation was permitted by act of congress, and the court, finding that the legislature had not availed itself of the permission given by congress, held that the property was free from taxation, not because of any positive statute exempting it, but because of its own inherent non-taxability under existing laws. In both of these cases, the property was outside of the purview of the Tax acts.

But in the present case the property taxed was subject to the taxing power of the legislature when the Tax act of April 11th, 1866 (*Gen. Stat., p.* 3292), was passed, and came within the general terms of that act making "all real and personal estate within the state liable to taxation." Only by force of some express enactment can any claim of exemp-

tion from the operation of those terms be supported, and every such enactment existing on February 23d, 1885, is limited by the statute of that date. Compliance with that statute was necessary to secure exemption.

The taxes are affirmed, with costs.